IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SEAN BAKER, | ) | Case No. 1:17-CV-01705 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| BRYANT AND STRATTON COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |

**I.    Introduction**

On August 15, 2017, *pro se* plaintiff Christopher Sean Baker filed a complaint under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, against Bryant and Stratton College ("BSC"). Baker asserted a cause of action based on the alleged failure of BSC to accommodate Baker's claimed impairment and alleged retaliation against Baker for his requested accommodations. *See* ECF.Doc. 1, Page ID# 3. Defendant now moves for judgment on the pleadings on plaintiff's claims and an award its costs and fees incurred in defending the action. ECF Doc. 9. Because plaintiff filed his complaint more than two years after his ADA causes of action accrued, his claims are barred by the applicable statute of limitations and must be dismissed. The motion will be **GRANTED IN PART AND DENIED IN PART**.

**II.    Factual Findings**

Baker's complaint consists of a narration of events that allegedly occurred from January 2015 until May or August of 2015. During this period, Baker was a student enrolled in BSC's

1

nursing program. Baker alleges that on some date between January and April of 2015, during the college's winter term, he requested that BSC provide him with academic accommodations "to comply with [his] doctor's treatment." *See* ECF Doc. 1, Page ID #1. Baker claims that BSC did not provide him with the requested accommodations, which caused him to fail two classes in the winter term and potentially be "released" from the nursing program. Id. at 2. Baker alleges he filed a grievance against the school. Id. Baker claims he received an official response on May 6, 2015, in which BSC stated that it would "follow" academic accommodations and allow Baker to repeat the failed third semester at no expense. Id.

Baker next alleges that during the period from May to August 2015, the Spring term, BSC did not provide the requested accommodations or comply with its statements in the May 6, 2015 letter. Id. Baker alleges he was forced to take his tests in a room "above active construction," rather than in a quiet "testing room" in the academic center. Id. Baker states he "failed out again . . . within the first four weeks of the semester;" allegedly because of BSC's failure to provide the "accommodations of the May 6th letter." Id. Baker alleges an instructor informed him on May 28, 2017 that he failed the third attempt of one of his tests not due to having provided incorrect answers, but because another instructor had graded his tests with a "different standard." Id. at 3. Baker claims that the instructor graded his test more harshly in retaliation for his requested accommodations. Id.

Baker further alleges he requested the director of the nursing program ("director") to allow him to take his tests in the Academic Department's designated "testing room;" but his request was refused because the room lacked security cameras to watch Baker. Id. Instead, Baker alleges his tests were given in the director's office, in close proximity to the director or other staff, and in a room with a large window facing the main entrance of the college, which

was filled with "constant distractions." Id. at 3-4. Baker alleges the director refused to allow him to take his tests in the "testing room" with supervision, even though other students had been permitted to take tests in that room unsupervised. Id. at 4. Baker characterizes the director's refusal to allow him to use the "testing room" as "the final violation of ADA/504, section II and III," however, he does not provide the dates on which the alleged events occurred. Id. at 3-4.

Baker then filed the current lawsuit, asserting claims of discrimination and retaliation under the ADA. Defendant has moved to dismiss Baker's claims. Baker opposes the motion.

## III. Standard of Review

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A "motion for judgment on the pleadings under Rule 12(c) is generally reviewed under the same standard as a Rule 12(b)(6) motion." *Mellentine v. Ameriquest Mortg. Co.*, 515 Fed.App'x. 419, 423 (6th Cir. Feb. 14, 2013) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir.2001)). "[A]ll well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment" as a matter of law. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581–82 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478 (6th Cir. 1973)). In construing the complaint in the light most favorable to the non–moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett*, 2009 WL 15052332 Fed.App'x. 232, 236 (6th Cir. 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997). "To survive a Rule 12(c) motion, 'a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory.'" *Hindel v. Husted*, 875 F.3d 344, 346-47 (6th

3

Cir. 2017) (quoting *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."(citations and quotation marks omitted)).

## IV. Analysis

In BSC's motion for judgment on the pleadings, BSC requests that the case be dismissed with prejudice because both of Baker's claims are time barred. ECF Doc. 9-1, Page ID# 52. BSC argues that all the acts of discrimination Baker alleges occurred more than two years before he filed his complaint on August 15, 2017. Id. at 54.

The ADA does not contain a specific statute of limitations. *See Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 550 (7th Cir.1996); *see also Post v. Mohr*, 1:11 CV 1533, 2012 WL 76894, at *4 (N.D. Ohio Jan. 10, 2012); *Deck v. City of Toledo*, 56 F.Supp. 2d 886, 889 (N.D. Ohio 1999) (discussing the statute of limitations period for ADA claims). When a federal statute does not provide a statute of limitations period, the courts "borrow" the statute of limitations period of the state cause of action most analogous to the plaintiff's claim. *See McNeil v. Medcentral Health Sys.*, 1:10CV2338, 2010 WL 4860359, at *1 (N.D. Ohio Nov. 23, 2010) (citing *Wilson v. Garcia*, 471 U.S. 261, 252 (1985)). "District courts in our Circuit have determined that the two Ohio statutes most analogous to Title II of the ADA are either the state disability rights statute, OHIO REV.CODE § 4112.02, or the state personal injury statute, OHIO REV.CODE § 2305.10." *Post v. Mohr*, 2012 WL 76894, at *4 (collecting cases); *see also Deck v. City of Toledo*, 56 F. Supp. 2d 886, 890-91 (N.D. Ohio 1999). Both of these state statutes

4

provide a two year statute of limitations period. Id.; *see also Jones v. City of Akron*, 5:16-cv-2587, 2016 WL 6649312, at *4 (N.D. Ohio Nov. 10, 2016) (collecting cases). Baker's complaint also acknowledges that the statute of limitations in this case is "that [] of the state of Ohio's personal injury claim," which, as stated above, is two years. *See* ECF Doc. 1, Page ID #1.

Although it is clear that the statute of limitations period for Baker's ADA claims is two years, the parties differ regarding the date on which the causes of action accrued and the limitations period began to run. BSC argues that Baker's claims are time barred because the last alleged violation of the ADA in Baker's complaint occurred in May of 2015, more than two years before he filed his complaint on August 15, 2017. ECF Doc. 9-1, Page ID# 54. Indeed, Baker's states in his complaint that "[t]he final violation of ADA/504, section II and III" occurred when the director allegedly refused to allow Baker to use the "testing room" and Baker realized that [a]cademic considerations could be given to other students but not to [him]." ECF Doc. 1, Page ID# 3-4. Although Baker's complaint did not allege the date on which the director's refusal occurred, the necessary implication is that it happened before Baker learned that he had failed his final test on May 28, 2015. Id. at 3.

Baker counters that his complaint "is against the August 20, 2015 action of Bryant and Stratton College" the date on which "they expelled [p]laintiff from the nursing program." ECF Doc. 16. However, Baker's complaint does not allege Baker's expulsion from Bryant and Stratton College on August 20, 2015. The court may not consider this allegation or the other matters Baker raised in his opposition brief that he did not allege in in his complaint. BSC's motion is a motion for judgment on the pleadings and the court may only consider the factual allegations in the complaint and answer. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented and not excluded by the court, the

5

motion must be treated as one for summary judgement under Rule 56."); *c.f. Hardy v. First Am. Bank, N.A.*, 774 F. Supp. 1078, 1080 (M.D. Tenn. 1991) ("Since this is a motion on the pleadings, only the factual allegations in the complaint are material.")[1]

Even if Baker's complaint had alleged that BSC committed discriminatory actions on August 20, 2015, the statute of limitations would still have begun to run before that date. Courts in the Sixth Circuit have held that the statute of limitations begins to run at the time the alleged discriminatory act occurred. *See Deck v. City of Toledo*, 56 F. Supp. 2d at 892 ("The general rule is statutes of limitations are triggered at the time the alleged discriminatory act occurred" (internal quotation marks omitted)); *see also Gentry v. The Renal Network*, 636 F. Supp. 2d 614, 617 (N.D. Ohio 2009) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984) ("The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action."))

For example, in *Frank v. University of Toledo*, the plaintiff was a disabled veteran enrolled in the defendant's Ph.D. program, who had nerve problems in one hand that caused him to tire after typing. 621 F. Supp. 2d 475, 478 (N.D. Ohio 2007). After the plaintiff failed an exam, the parties negotiated accommodations based on the plaintiff's disability. Id. at 479. However, the plaintiff declined to take the exam because he claimed the accommodations were insufficient. Id. The plaintiff's enrollment at the university lapsed because he neither completed

---

[1] If the court were to have treated the instant motion under Rule 56, dismissal would still be required. Even if Baker's opposition brief contention that he was unaware of his ultimate dismissal from BSC until August 20, 2015 is true, he was, by his own allegations, aware that BSC had not accommodated his alleged disability when he took tests in May 2015. And he was aware he'd failed those tests – thereby suffering his alleged adverse impact from the discrimination – at the latest by May 28, 2015, more than two years before he filed suit. The same is true for his retaliation claim. He believed, by the time he was not permitted to use the testing room and/or by the time he was told his test was graded more harshly, that he had been retaliated against for requesting an accommodation. That was in May 2015, more than two years before he filed this case.

6

the exam nor enrolled in coursework. Id. The court held that the plaintiff's claim under the ADA accrued on the date the plaintiff was notified he failed the exam at issue because "[a]t that time, [p]laintiff knew or had reason to know of the injury that was the basis for this lawsuit. Id. at 483.

Here, Baker's complaint alleges that he "failed out . . . within the first four weeks of the [Spring] semester," because of BSC's failure to provide the accommodations stated in BSC's May 6th letter. Id. at #2, ¶8. Like the plaintiff in *Frank v. University of Toledo*, Baker's ADA claims accrued and the statute of limitations on his claims began to run on the date Baker learned he had failed his exams under conditions that did not meet the accommodations promised in the May 6th letter.

Even if Baker may have had causes of action under the ADA, it is apparent on the face of the pleadings that the statute of limitations for bringing such claims expired before Baker filed this action. Baker's claims under the ADA are, therefore, untimely.

BSC also requests that this court award BSC its costs and fees incurred in defending this action. ECF Doc. 9, Page ID# 49. BSC has failed to provide any analysis supporting its request for attorney fees and costs. Although the prevailing party in an ADA action may be awarded reasonable attorney fees, litigation expenses and costs in the court's discretion, 42 U.S.C. § 12205, something more than a bare request for such relief is required. Here, the court chooses to exercise its discretion to deny BSC's request for relief. In so ruling, the court takes into consideration the minimal amount of work BSC was required to put into obtaining dismissal of the action, the fact that plaintiff's claims may have been meritorious had they been timely filed, and the respective financial resources of the parties.

## V. Conclusion

Bryant and Stratton College's motion for judgment on the pleadings and request that this action be dismissed with prejudice is GRANTED. Bryant and Stratton College's request for an award of costs and attorney fees incurred in defending this action is DENIED. In light of this determination, the court further DENIES as MOOT, the parties' respective motions for summary judgment, ECF Docs. 18, 19. Finally, plaintiff's motion for judgment on the pleadings, ECF Doc. 15, is not actually a motion at all; instead, it is plaintiff's opposition memorandum to BSC's motion. In any event, the court DENIES plaintiff's mislabeled motion.

**IT IS SO ORDERED.**

Dated: December 20, 2017

Thomas M. Parker
United States Magistrate Judge